ORIGINAL

NAME ZACHARY BARKER COUGHLIN

PRISON IDENTIFICATION/BOOKING NO. BR4587  cell C3-12-3U

ADDRESS OR PLACE OF CONFINEMENT P.O. Box 92

CHOWCHILLA, CA 93610

Note: It is your responsibility to notify the Clerk of Court in writing of any change of address. If represented by an attorney, provide his or her name, address, telephone and facsimile numbers, and e-mail address.

CLERK, U.S. DISTRICT COURT
JAN 17 2025
CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

Fee Due

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ZACHARY BARKER COUGHLIN
FULL NAME (Include name under which you were convicted)

Petitioner,

v.

WARDEN, VALLEY STATE PRISON
NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER

Respondent.

CASE NUMBER:
CV25-537-MCW (JDE)
To be supplied by the Clerk of the United States District Court

☐ _____ AMENDED

**PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**
28 U.S.C. § 2254 AND MOTION FOR STAY AND ABEYANCE; EVID. HRG. REQUESTED

PLACE/COUNTY OF CONVICTION SANTA BARBARA Co.
PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
(List by case number)
CV _____
CV _____

**INSTRUCTIONS - PLEASE READ CAREFULLY**

1. To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.

2. In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge judgments entered by more than one California state court, you must file a separate petition for each court.

3. Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4. Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.

5. You must include in this petition all the grounds for relief from the conviction and/or sentence that you challenge. You must also state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

6. You must pay a fee of $5.00. If the fee is paid, your petition will be filed. If you cannot afford the fee, you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee.

7. When you have completed the form, send the original and two copies to the following address:
   Clerk of the United States District Court for the Central District of California
   United States Courthouse
   ATTN: Intake/Docket Section
   255 East Temple Street, Suite TS-134
   Los Angeles, California 90012

COMPLETE THE FOLLOWING (*check appropriate number*):

This petition concerns:
1. ☑ a conviction and/or sentence.
2. ☐ prison discipline.
3. ☐ a parole problem.
4. ☐ other.

## PETITION

1. Venue
   a. Place of detention ___VALLEY STATE PRISON___
   b. Place of conviction and sentence ___SANTA BARARA COUNTY SUPERIOR COURT___

2. Conviction on which the petition is based *(a separate petition must be filed for each conviction being attacked)*.
   a. Nature of offenses involved *(include all counts)*: ___SEXUAL ASSAULTS AND A KIDNAP W/ INTENT TO RAPE___
   b. Penal or other code section or sections: ___P.C. 209(b) ; 261, 287, 289___
   c. Case number: ___20CR06975___
   d. Date of conviction: ___7/22/21___
   e. Date of sentence: ___10/21/21___
   f. Length of sentence on each count: ___45 YEARS to LIFE___
   g. Plea *(check one)*:
      ☑ Not guilty
      ☐ Guilty
      ☐ Nolo contendere
   h. Kind of trial *(check one)*:
      ☑ Jury
      ☐ Judge only

3. Did you appeal to the California Court of Appeal from the judgment of conviction?  ☑ Yes ☐ No
   If so, give the following information for your appeal *(and attach a copy of the Court of Appeal decision if available)*:
   a. Case number: ___B315841___
   b. Grounds raised *(list each)*:
      (1) ___FOURTH AMENDMENT___
      (2) ___INEFFECTIVE ASSISTANCE OF COUNSEL___

(3) _IMPROPER SHACKLING_
(4) _ADV. Consent to unconsc. sex_
(5) _Courterrel too many prejudic sex vids_
(6) _____

c. Date of decision: _6/29/27_
d. Result _upheld_

4. If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal decision? ☒Yes ☐No

   If so, give the following information (and attach copies of the Petition for Review and the Supreme Court ruling if available):
   a. Case number: _S280962_
   b. Grounds raised (list each):
      (1) _Fourth Amend_
      (2) _IAc -cal-ecpa_
      (3) _Dancy v. Lawrence Scors '03 ADV. Consent_
      (4) _D.P. right to prison_
      (5) _____
      (6) _____
   c. Date of decision: _12/29/23 ?_
   d. Result _____

5. If you did not appeal:
   a. State your reasons _____
   b. Did you seek permission to file a late appeal? ☐Yes ☐No

6. Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction? ☒Yes ☐No

   If so, give the following information for each such petition (use additional pages, if necessary, and attach copies of the petitions and the rulings on the petitions if available):
   a. (1) Name of court: _Santa Barbara Super Ct._
      (2) Case number: _____
      (3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): _?_

(4) Grounds raised (list each):
    (a) I need more time to list
    (b)
    (c)
    (d)
    (e)
    (f)
(5) Date of decision: ?
(6) Result: ?

(7) Was an evidentiary hearing held? ☐ Yes ☐ No

b. (1) Name of court: 2nd appellate Court of appeals
   (2) Case number: Not-sure
   (3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): ?
   (4) Grounds raised (list each):
      (a) I need more time to answer
      (b)
      (c)
      (d)
      (e)
      (f)
   (5) Date of decision:
   (6) Result:

(7) Was an evidentiary hearing held? ☐ Yes ☐ No

c. (1) Name of court: ?
   (2) Case number:
   (3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing):
   (4) Grounds raised (list each):
      (a)
      (b)
      (c)
      (d)
      (e)
      (f)

(5) Date of decision: _____

(6) Result: _____

(7) Was an evidentiary hearing held? ☐ Yes ☐ No

7. Did you file a petition for certiorari in the United States Supreme Court? ☒ Yes ☐ No

   If yes, answer the following:

   (1) Docket or case number (if you know): _____
   (2) Result: _pending + docketed_
   _See Wilkins Scotus '24_
   (3) Date of result (if you know): _atty neglect to_
   (4) Citation to the case (if you know): _tell me_
   _denial of dev anything never by CSC_

8. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than five grounds. Summarize briefly the facts supporting each ground. For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

   **CAUTION**: *Exhaustion Requirement*: In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court. This means that, prior to seeking relief from the federal court, you first must present all of your grounds to the California Supreme Court.

   a. Ground one: _See addil pages_

   (1) Supporting FACTS: _____

   (2) Did you raise this claim on direct appeal to the California Court of Appeal? ☐ Yes ☐ No
   (3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☐ Yes ☐ No
   (4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ☐ No

   b. Ground two: _____

   (1) Supporting FACTS: _____

GROUNDS/CLAIMS

Declaration Under Penalty of Perjruy of Zachary Barker Coughlin,
   I incorporate all in Appellants Opening Brief
      I , Zachatry Barker Coughlin, Zachary Barker Cou8ghlin
   I , Zachary Barker Copughlin  , mispelled sorry, i Zachary Bark
I, Zachary Barker Coughlin, declare und4er the laws of the
state of claifornia under penalty of pejruy that all the followin
is tyrue:/
      I submittyed a p½etition for habeas  to the santa barbara su
superior court, and one to the second appellated s district court
of appeals and will submit one to the california supreme court
to guard against tyheir dneyuign my petitions without serving
me notice thereof and th aaedpa de4adlien i am filing this fede3r
petition with a requ4est for evidentiary hearing and Motion for S
Stay and Abe3yance to guard against untimleess.  I do not belive
i am mentally comp4etent at present.  i have recently again
been beaten adn robbed and was previously
permanelty blinded in one eye and have been raped while in custod
custody and had my legal papers interferred iwth mny staff and in

inammtes and dneid access to the law librayr and materials necess
nece3ssary to litigate this.
      As to the claims, i especialy want to make the argument that
the Court of Appeals uphld the case by sua sponte applying the
plain view doctirn3e warrant exception despite the fact that
the state and then the AG never raised, much less proved that iss
issue. this is both an unreasonable applicatio of scotus law (chi
chilmel chimel, coolidge, horton, et al all make clear that the
burden to prove a war raise and prove a warrant ex petion in is o
is on the state)  but its also s contrary to the facts as there
was no facdtual findings respecting plain view doctinre. this und
underscores the iac involved here by trial and appellate counsel
in failing to argue that Johbn  Joyhnson Johnson, Cal 4th 2006
cal supreme court maked clear that live testimony is required
to prove a w to defend a suppression hearing, particularly
where a wartrant exception like plain view is involved.  see the
state opposigino to the mtn to suppres at ct 250-2709   250-2709
250-2790 250-270v.   . the state nev3er raise much less proved th
plain view exception and all its elements.  the mtn to suppress
even complies with williams in rasising nix inevtiable discoery
but the state actually conced the limited scope of the warrants
authorization, ie that it was limited to evidence of stalking.
see the motion to amend at ct239, wherre the  mtn to amend the co
complaint where the state admits it did seek a thrid warrant in t
finally trying to comply with cal-ecpa after it vilated
the use retrsticiotn in p.c. 1546.1(2)(21).  i will provide the
she3riff's incident report of 6/8/20 that detils what the thir
dwarrant was based on, ie, vids of jane 6 outside the date range
in the warrant tin the s3econd warrant.  tyhe state knew the
third warrant violated cla-ecpa and the way the de3tctive swent a
about continuing to cull and compile vides of what it felt
was unconcious or intox rape rather than stope and seek  and comp
wwith the use t restriction in cal ecpa 1546.1.(2)( 1546.1d2.
      that is why the state couldn't challenge the mtn to suppres
or ints invovlation of no nix inev disc application by arguign
there was a third warrant of 6/8/20.  this is also why the state
chose not to put on live testimony at the suppression hearing des

the state chose not to put on live testimony at the suppression h
shearing despite such being required by california law.
also, the court and my own appointed cousnel refuse dto let me
testify at the suppression hearing despite my objection state on
the record in the decl to the mtn to suppre at 2 c at ct170 and
the transcript fo the hearing at 2ct357-358. rock scotus ;87 says
iu have a reight to testify at a suppresion hearing. further it
it was iac for trial and appellate cunsel to slow plea
my case and strip my of my right of confrontation, see my objecti
to counsel stipulating aweay my confrontation and compulsory proc
ess rights in the six marsden hearing, especially the one
at 6rt2200. brookah brookhart scotus '66 and mosely ca 7 90 for
forbid this. cornjeo call app 72 support rock scotus '87 that i
ahve a right to testify at the suppression hearing. also there
was instrucdtional error as counsel conced there should
be no mistake of fact instruction for all but coutn 5 and 12-14
. seee 3406 cal crim argumetns at rt 2600-2700. this depit ethe
fact htat the court even con and the state conced a mistake of
factd instruction sua sponte duty ast to the intox rqape and sex
sex pen coutns. clearly my testimony and the faulty testimony of
det tive snad the videos themsel supported a finding a n instrucd
for a mistake of fact as to both types of capacity, uncxonc or
intox as to count 1to4 and 6 to 7, and especialy as to coutns 8-1
8 to 10, jane 2's own testimony is so ethereal and equivqal at r
rt 1565-1572 and 5 rt 1610-1630, in addition to my testimoy
at rt 1931-140, espec ialy as to her eexcuplatory instagram messa
message that is was iac not to use to supporty a mistake of fact
instructions as to counts 8 to 10, espieclaly the kidnap with int
intent to rape charge p.c. 209(b) the multiplie dmy exposure here
iac not to argue insuff of evidd on all coutns, coutns 5-7 varian
issues they c dont' even make sense. for instance fount 5 is desc
descierbe as a forcible uncon oral cop. an uncon person cannot
be forced to do anythign, they are unconciou. then coutn 6 insuf
of eviden to hold jane 1 was talking and awake while
supbject o uncon or coap. or coutn five a s aforcible uncon oral
cop and coutn 7 vice versa, totally insuff evid that second later
jane 1 is then uncon rape when she was talkign second prior and t
only evidence isa seecond long clip of genital sclose up.
further there is no proof of where any of the vids where filmed,
so there is no jurisdiction and i was married to at to all the ja
jane does at issue ast all relevant times and the state
didn't prove we weere nto married, so they should have charged sp
spousal rape . it makes no sens see boos habeas case and h
haidl habeas case it make no sense to allow a mistake of
fact instruction as to one type of cp capacity, it intox, but not
the other unconc. my testimony and the vids and evne the d3etciv
testimony (which iw a a denial of fair trial not to let me impeac
him with his retaliatory bias and malicious enforcment
attendant to the elliot rodger incel search warrant 1014 mass sho
shooting in satan baraba isla vista fallout
    i respectuflly requerst that this court allow me to amend and
competley redo this habeas poetition as i am filing it udner exte
extreme duress due to th elooming aedpa deadlien and the fact
that my appellate cunsel admits he failed to ntoify me of the den
denial of discretionary review by the califo suprem
court for a good 6 months at least, after it occured, prjeudicing
my ability to prpare this filing, which he has he is and was con
co

n

appellate ocunsel ford is and wa contactually objligatoe to fuile my petition for write of cert and this habea petitiuon up t tstate ladder and through all elvels of federla court but not w he refuse to. i have a petition for cert. docketed with scotus citing wilkins scotus '79 which seems to allow to reste the aedpa deadlien to the to appel counsels neglect in failign to ap apprise or notify me of the dneial of discrtionary review by the california supreme courty, somethign he has admitted to in a decl declaration on file with scotus which i will get htis court a cop of my trial was closed to the public, thats not right. i was for forcxed into narrative t4estimoy by an attonrey who was tyering t to lsoe and absoltuely hated me and made that clear there was a total breakdown of the atty client relationshyip and i was not competent to stand trial and he forced me to reject the plea deal the state offered which was pure lunacy, especialy with the one striler kidnap to rape charge. leading up to trial i told the judge she was gorgeous at four straight hearing like a lunatic an no 1368 comeptency eval was sought. at an earlier 11 136 1368 competency eval i was no allowed to attend the hearing and was dneid my right to testify at it. the trial judge was bleligerent with mymne thorugh ev erythign, shackling me through trial and screaming at me if i dared to try to say anythign on th record, just look at th her repsonse when i interject that i wish to testify at the suppression hearing at ct5357. she literally te tells me to shut up and not interrupt, yet someone how i got my objection in the record. it was ridiulous to charge me with rapin jane 1 7 times and allow my attonrye to stip me of my confrontati rights especialy where he braze3nly admitted to the judge that he didn't even bother to try to interview jane 1. i have declaratoin from jane 1 and 4 attesting that they would have and trie dto te terstify at to my inconnecnt and jane 2, carly ann warhaft and ja 3 destiny torres of ventura hve each signed declarations recantin their testimony and alleging tyhey were coerced to lie by a state that suborned hteir perjruy.

even the third warrant of 6/8/20 that the state refused to argue in it oppos to the mtn to supress because it detailed the detcives violating cal-ecpa, evne that warrant was limited to eviden fo uncon of intox rape. no so all thses vids ause at trial to show forcilbe oral or forcible rape, or eve uncon or intox sex pen, do not fall within the objection or scope fo the thrid warrant that the state uldnt' evne rely on. that inv invokes riley soctus 14 and nix nix scotus ;84. the videso were seized without a warrant. thats a clear vilation of s otus s scotus, material seized outside the scope of a warrant are a warr warrantles searhc, especialyw ehre the state doens't even tryi to prove a warrant ex eption. sham no fair and full opportuni to lit litigate where the stat didn't fololow tis own shceme and live stimony at suppr hrg requirement, espeicaly where it dne denid my my right to testify at suppres herre hearing and counte counterman scotus '23 makes my subjetive intent necessary to a dteriminato fo probable cause and both prongs of speicficity. iaac where all appellate counsel arbuably waived probable cause and failed to get a rulign on ovr overbreadth because the appell couryt held him to his narrow argument hearding

the appellate ocurt held him to his narrow argumetn heading invol
invoking the "particularity requirment" only to then read such
to exclude a ruling on overbreadth despite  scotus and the camach
camacho guidanc eof numerous claifo supreme ccourt cassing readin
a ruling on overbreadth into the use of the phrase :"particularit
requirement"  instead the court of appeals dodge the us issue, ju
 just like it dodge rulign on the iac on dir4ectd attendant
to trial cousnel failign to argue cal-0ecpa's use restriction
in 1546.1d2 for "information unrelated to the objective of the wa
warrant", espeicaly where the stat's opposion at ct250 conceds
that the objetiv eof the warrant and it authorization and scope w
limit4ed to looking for eviden coe f stalkign a coed in isla
vista in may of 2020.  the thrid warrant was for videos that had
no connection to santa barba cunty and so the curt hasd no jursid
jurisdiction to even grant such thrid warrant, yet another reason
why the state oculdn't argue plain view or that is somehoe compli
with cal-ecpa in its shameful third warrant of 6/8/20.  perhaps i
it was iac and iaac for trial cousnel not to move to suppres by
seeking to challenge or qusash the thri warrant of 6/8/20, but
arguably h it was the state duty to raise such third warrant in r
response to the mtn to suppress, but instead the state conced
that the warrant sscope was limtied to stalking groh scotus 04
faCILALY INVALID WARANT THE STATE COERCES
JANE ! AND $ AND ¢ AND # TO LIE AND CERCING JANE ! AND $ OUT OF T
TESTIFYING SHCOKS THE CONSCIENE ALONG WITH ITS FRAUDULENT AND MAL
MALISIOU USE OF ESEARCH WARRANT AND JUDICIAL BIAS IN FIALIGN TO A
ALLOW ME TO EVEN MENTION TH TO THE JURY THE LLIOT RODGER INCEL
BIAS ATTENDNAT TO THE STAT"E SWORK HER, NO VOIR DIRE O ON IF ANY
JURY MEMBERS HAD A CONNECITON TO THE TRAGIC AND HORRIBLE @)!$
MASS SHOOTING IN ISLA VISTA BY ELLIOT RODGER SHT AT WOULD HAVE
BEEN EXMAINE DIN GREAT DETAIL HAD A REAL SUPPRESION HEAIRNG BEEN
HELD. SEE MY INSTAGRA @islavistagothdanceparty and my pleas for
peace and understanding an non vilence were definietly not attemp
to casue fear to anyone and wre protectded
by first amendment, plubs no speical
master was utilized and i claimed privilege to all the atty clien
privlegtel data ai was then a license attorney
and i makde that clear to detcive sand iac not to use the vidoe f
my post arrest pre warrant exceution and aplication interrogation
where i asserte such privlege and cliaim ownerehsip
to all data which udnermines the rational efor a gen3rla warrant
to look for evidenc eo ownership use and identify. regardless, go
goign through sex tap½es sex by scond wth a fine tooth comb is
noonot plain view immediately apparnet ot be incrim while reasona
reaosnable conductinhg a search limitd the the scope of the warra
warrants authorization. data 12/1/24 /s/s zachcoughlin
------------------------

IAAC not to argue
evid code 352.2
applies retroac[tively] Venake Cal App '23
to all vids

(2) Did you raise this claim on direct appeal to the California Court of Appeal?  ☑ Yes  ☐ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?  ☑ Yes  ☐ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?  ☐ Yes  ☐ No

c. Ground three: _See typed pages_

(1) Supporting FACTS: _Incapable of all of my appellate Brief to argue_

(2) Did you raise this claim on direct appeal to the California Court of Appeal?  ☑ Yes  ☐ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?  ☑ Yes  ☐ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?  ☑ Yes  ☐ No

d. Ground four: _____

(1) Supporting FACTS: _____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?  ☐ Yes  ☐ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?  ☐ Yes  ☐ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?  ☐ Yes  ☐ No

e. Ground five: _____

(1) Supporting FACTS: _____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?  ☐ Yes  ☐ No

  (3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☐ Yes ☐ No

  (4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ☐ No

9. If any of the grounds listed in paragraph 8 were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons: _____

_____

_____

10. Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?

 ☐ Yes ☐ No

 If so, give the following information for each such petition *(use additional pages, if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

 a. (1) Name of court: _____ I need more time to

  (2) Case number: _____ complete this

  (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

  (4) Grounds raised *(list each)*:

   (a) _____
   (b) _____
   (c) _____
   (d) _____
   (e) _____
   (f) _____

  (5) Date of decision: _____

  (6) Result _____

  (7) Was an evidentiary hearing held? ☐ Yes ☐ No

 b. (1) Name of court: _____

  (2) Case number: _____

  (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

  (4) Grounds raised *(list each)*:

   (a) _____
   (b) _____
   (c) _____
   (d) _____
   (e) _____
   (f) _____

  (5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?    ☐ Yes ☐ No

11. Do you have any petitions now pending (i.e., filed but not yet decided) in any state or federal court with respect to this judgment of conviction?    ☐ Yes    ☐ No

If so, give the following information *(and attach a copy of the petition if available)*:

(1) Name of court: _____
(2) Case number: _____
(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____
(4) Grounds raised *(list each)*:

(a) SCOTUS Petit for Cert
(b) Docketed
(c) _____
(d) _____
(e) _____
(f) _____

12. Are you presently represented by counsel?    ☑ Yes ☐ No
If so, provide name, address and telephone number: Just myself

WHEREFORE, petitioner prays that the Court grant petitioner all relief to which he may be entitled in this proceeding.

_____
*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on 12/11/24
*Date*                                *Signature of Petitioner*

Proof of Service under penalty of perj. LSPr
I served a copy on CA Atty Gen
DAG Glassm__ to his S. Spr__ __ 12/11/__

Z. Coughlin COPY
BR4587

Coug US Dist Ct.
Central Dist of CA
Zach C.
Zachary B. Coughlin
petitnr
v.
Warden Re:
Valley State Prsn Habeas Petitn
evid Hrg Sculd
Mtn Stay + abeya
MTN Fer STAY + Abeyan

CV-69

1 of 1 1

Z. Coughlin
BR4587
PO Box 92
Chowchilla, Ca

COPY 2

U.S. Dist. Ct.
Central Dist of Calif

ZACHARY BARKER COUGHLIN
Pehling
V,

WARDEN
VALLEY SP

Pet for writ
Habeas Corpus
evid Hrg Solicit
Mtn for Stay &
abeyance
STAY + ABEYANCE
Medpe 1yr
locuy

CV-69

1 of 11